## Frick's Estate.

*Saul, Ewing, Remick & Saul,* for exceptant; *Charles S. Schofield,* contra.

GEST, J., May 29, 1930.—The decedent's gross estate amounted approximately to $160,000, and the testator devised the same to his wife, who is the executrix. When the estate was valued by the appraisers appointed by the register of wills, she claimed as a deduction commissions at the rate of 5 per cent. on the first $100,000 and 3 per cent. on the excess over that amount. The appraisers allowed a deduction for commissions at the rate of 3 per cent. on the entire estate and suspended a claim for tax on $2000 as excess commissions. The Auditing Judge allowed the claim, and in our opinion the exceptions should be dismissed. The compensation allowed by him as commissions was entirely adequate, and the determination of commissions by an Auditing Judge is a matter with which he is especially competent to deal.

We know of no rule by which an executor is entitled to 5 per cent. on the first $100,000 and 3 per cent. on any excess, or, indeed, to any fixed percentage. Commissions are compensation for time, trouble and responsibility and vary according to the circumstances of the cases, and any percentage basis is only

a rule of thumb. The determination of the proper amount in case of dispute is within the discretion of the court. It is our practice, when the Register of Wills suspends a claim for tax on excess commissions, to have the Auditing Judge pass on it in order to save the time, expense and circuity of action required in case of an appeal from the appraisement: Tobey's Estate, 10 D. & C. 229. For these reasons it is not within our province to instruct the Register of Wills upon the subject by laying down any fixed rule. The appraiser should determine what in his judgment is a fair compensation and note a suspended claim for tax on any amount in excess thereof, which was what was done in the present case.

The exceptions are dismissed and the adjudication confirmed absolutely.